## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **YIN SHENG,** | |
| Plaintiff, | Case No. _____ |
| v. | **ORIGINAL COMPLAINT** |
| **JOHN DOE, AND 509.COM,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

### ORIGINAL COMPLAINT

This *in rem* action is made pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), in which Plaintiff Yin Sheng ("Plaintiff") makes the following allegations against Defendants John Doe ("JD"), and the domain name 509.com, (the "Domain Name").

### PARTIES

1.      Plaintiff Yin Sheng is a citizen of the People's Republic of China, located at No. 144 Shengxu Natural Village, Zhengmiao Administrative Village, Guoyang Town, Guoyang County, Anhui Province, China.

2.      The subject Domain Name, 509.com—*i.e.*, the *res* of this *in rem* action—is an internet domain name, which is rightfully owned by Plaintiff.  Defendant Domain Name and its registry, Verisign, Inc., are all located within this judicial district.  Verisign, Inc.'s primary place of business is 12061 Bluemont Way, Reston, VA 20190.

3.      Defendant John Doe is a person of unknown identity who gained unauthorized access to Plaintiff's protected domain name registrant account and, without consent or authority, transferred control of Defendant Domain Name away from Plaintiff.

## JURISDICTION AND VENUE

4.      This Court has *in rem* jurisdiction over the subject Domain Name pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. §1125(d), insofar as the registry for the Domain Name, VeriSign, Inc., is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190.

5.      This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

6.      Venue is proper in this judicial district pursuant to 15 U.S.C § 1125(d)(2)(C) as the subject registry, Verisign, Inc., is located within this judicial district at 12061 Bluemont Way, Reston, VA 20190.  Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2), as the subject of this action—the Domain Name, 509.com—resides in this judicial district.

7.      The Declaratory Judgment Act, 28 U.S.C. §2201, provides for a declaration of the rights of the Plaintiff in this matter.

## NOTICE

8.      Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive relief is being sent to Defendant JD at mymail39047@gmail.com—Defendant JD's registrant email address at GoDaddy.com for the registrant account which Defendant Domain Name 509.com was illegally transferred into. Additionally, notice is being sent to the current WHOIS address on the subject Domain Name which is Domains By Proxy, LLC, 509.com@domainsbyproxy.com, 14455 N. Hayden Road, Scottsdale, AZ 85260.

9.      Plaintiff is providing notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action, as the court may direct after filing of this Complaint.  Furthermore, a request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

## FACTUAL BACKGROUND

10.      Plaintiff Yin Sheng is the rightful owner of the Domain Name, 509.com.

11.      Plaintiff maintained the Domain Name at GoDaddy.com LLC ("GoDaddy"), a domain name registrar that owns GoDaddy.com, located at 14455 N. Hayden Rd. #219, Scottsdale, AZ 85260.   Plaintiff's GoDaddy registrant account is registered under the email address huj88ghu8ughu79@gmail.com with the customer number 183588218.  Declaration of Yin Sheng, attached hereto as Exhibit A at ¶ 4.

12.      The Defendant Domain Name, 509.com, was used in commerce in conjunction with online services by Plaintiff as early as April 2018.  Ex. A at ¶ 11.  Plaintiff owned and used the Domain Name in commerce until the Domain Name was unlawfully taken without consent into Defendant JD's control on or around March 2, 2021.  *Id*. at ¶ 6.  The Domain Name has generated $300 in revenue and 2000 unique visits on average each day since its first operation.  *Id*. at ¶ 12.

13.      On or around March 2, 2021, the Defendant Domain Name was illegally transferred out of Plaintiff's GoDaddy registrant account by an unnamed individual, into another registrant account with GoDaddy.com using an email address of mymail39047@gmail.com.

14.      Prior to the hacking, the unnamed individual illegally accessed Plaintiff's GoDaddy.com account on February 8, 2021, February 10, 2021, February 25, 2021, and March 2, 2021, via the Firefox web browser, from a suspicious IP address, 61.92.249.** based in Hong Kong.  *Id*. at ¶ 10.

15.     Plaintiff learned of the hacking on March 6, 2021 and immediately reported it to GoDaddy on Mach 8, 2021; however, at this time, the issue remains unresolved.  *Id*. at ¶ 9.

16.     Upon information and belief, Defendant JD hacked into Plaintiff's GoDaddy.com registrant account and illegally transferred the Domain Name to Defendant JD's GoDaddy registrant account, registered under and using the email address   mymail39047@gmail.com. Plaintiff did not consent to or authorize this transfer.

17.     Currently, the Domain Name is still under the unauthorized control of Defendant JD and is being maintained at GoDaddy.  However, Defendant JD is now using privacy protection to hide his personal information and conceal the registrant account information at GoDaddy.com for the subject Domain Name.

18.     Plaintiff has retained this law firm to retrieve the Defendant Domain Name and take legal action against those responsible for the illegal transfer.

## COUNT I
## CLAIM FOR DECLARATORY JUDGMENT

19.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

20.     An actual and justiciable controversy exists between Plaintiff and Defendant JD as to whether Plaintiff is the rightful owner of the Domain Name.

21.     Plaintiff had a contract with GoDaddy for control over the subject Domain Name.

22.     Defendant JD's express actions to wrongfully hack into Plaintiff's GoDaddy.com account and illegally transfer the Domain Name to another GoDaddy registrant account under the email address mymail39047@gmail.com, without the authorization of Plaintiff, places the Domain Name solely under Defendant JD's dominion and control to the exclusion of Plaintiff.

23.     The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, provides for declaration of the rights of the Plaintiff in this matter.

## COUNT II
## ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

24.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

25.     Plaintiff is the owner of the mark 509.com (the "Mark"), which is protected under 15 U.S.C. § 1125(a) and (d).

26.     Plaintiff owned and used the Mark and Domain Name in commerce since its registration until the Domain Name was unlawfully transferred without Plaintiff's consent to Defendant JD's control.

27.     The Domain Name is identical to and/or confusingly similar to the Mark owned by Plaintiff.

28.     Defendant JD has transferred the Domain Name to another GoDaddy registrant account with bad faith intent to profit from the Domain Name and Mark.

29.     As a direct result of Defendant JD's actions, Plaintiff is being prevented from using and exercising control over the subject Domain Name and Mark.

30.     Furthermore, Plaintiff is being harmed by not having access to his Domain Name or Mark.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants, as follows:

ORIGINAL COMPLAINT, CASE NO. _____- PAGE 5

A.      Declaring that Plaintiff is the only entity with any rights to the contract controlling the subject Domain Name.

B.      Declaring that Defendant JD does not have any rights to the subject Domain Name.

C.      ORDERING Verisign and/or GoDaddy.com to return control of the Domain Name to Plaintiff's registrant account as instructed by Plaintiff's counsel.

D.      Granting such other and further relief to Plaintiff as this Court deems just and proper.

DATED July 9, 2021.                    Respectfully submitted,

By: */s/ Steven War*
Steven War (VSB # 45048)

**War IP Law PLLC**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015
Tel: (202) 800-3751
Fax: (202) 318-1490
steve@wariplaw.com

By: */s/ Timothy T. Wang*
Timothy T. Wang (*pro hac vice to be filed*)
Texas Bar No. 24067927
twang@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140nut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**
**YIN SHENG**